# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARK ANDREW HILDERBRAND, )
)
Plaintiff, )
)
v. ) Civil Action No. 14-1449
)
WILLIAM K. SUTER, *et al.*, )
)
Defendants. )

**FILED**

**AUG 2 2 2014**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

According to the plaintiff, the Clerk of the Supreme Court of the United States and a Deputy Clerk have violated his First Amendment right of access to the courts and his Fifth Amendment right to due process by refusing to accept for filing a petition for a writ of certiorari. The plaintiff demands appointment of counsel, a declaratory judgment, injunctive relief to effect review of his petition by the Justices of the Supreme Court and, presumably, monetary damages. The Court concludes that the complaint must be dismissed because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(2), 1915A(b)(1).

The Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders. *See* Sup. Ct. R. 1. This Court has no authority to determine what action, if any, must be taken by the Supreme Court and its administrative officers. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.) (per curiam) ("We are aware of no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action. The Supreme Court, on the other hand, has inherent supervisory authority over its Clerk."), *cert. denied sub nom. Marin v.*

*Suter*, 506 U.S. 844 (1992); *Brown v. Suter*, 298 F. App'x 15, 15 (D.C. Cir. 2008) (per curiam) (affirming dismissal of claims against Clerk of the Supreme Court).

Furthermore, insofar as the plaintiff demands compensatory damages, the defendants are absolutely immune from suit. The absolute judicial immunity afforded to judges, *see Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."), extends to court clerks performing "tasks that are an integral part of the judicial process," *id.* at 1460-61; *Evans v. Suter*, 260 F. App'x 726 (5th Cir. 2007) (per curiam) ("Clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process."), *cert. denied*, 552 U.S. 1282 (2008); *Jones v. U.S. Supreme Court*, No. 10-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 131 S. Ct. 1824 (2011).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint for failure to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 8/20/14

United States District Judge
J. Boasberg